```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                Civil No. 10-3295(DSD/FLN)
```

Agri-Cover, Inc.,

       Plaintiff,

v.                                                           **ORDER**

Christensen Manufacturing Corp.,

       Defendant.

    Donald W. Niles, Esq., Niles Law Office, PA, 121 Colfax Avenue S.W., Wadena, MN 56482; Robert C. Freed, Esq., Stephanie M. Kwong, Esq. and Moore & Hansen, PLLP, 225 South Sixth Street, Suite 4850, Minneapolis, MN 55402, counsel for plaintiff.

    Matthew R. Salzwedel, Esq., David W. Asp, Esq. and Lockridge, Grindal & Nauen, PLLP, 100 Washington Avenue South, Suite 2000, Minneapolis, MN 55401; Richard C. Woodbridge, Esq., Christopher R. Kinkade, Esq. and Fox & Rothschild, LLP, 997 Lenox Drive, Building 3, Lawrenceville, NJ 08648, counsel for defendant.

    This matter is before the court upon the motion to dismiss or transfer venue by defendant Christensen Manufacturing (Christensen). Based on a review of the file, record and proceedings herein, the court grants the motion in part.

## BACKGROUND

    This trademark dispute arises out of the manufacture and sale of pickup-truck accessories under the ACCESS and FULL ACCESS trademarks. Plaintiff Agri-Cover, Inc. (Agri-Cover) is a North Dakota corporation with its principal place of business in

Jamestown, North Dakota. Compl. ¶ 1. Agri-Cover manufactures and sells truck accessories, including pickup-truck tonneau covers and storage systems, under its registered ACCESS trademark. Id. ¶¶ 6-11. Christensen is a New Jersey corporation with its principal place of business in Pennington, New Jersey. Id. ¶ 2. Christensen manufactures and sells truck accessories, including pickup-truck tool boxes under its registered FULL ACCESS trademark. Agri-Cover claims that Christensen is infringing its ACCESS trademark by selling products under the FULL ACCESS name; it filed the instant action on August 3, 2010, asserting numerous claims under federal and state law. Christensen moves to dismiss for lack of personal jurisdiction or to transfer venue to the District of New Jersey. The court now considers the motion.

**DISCUSSION**

**I.   Personal Jurisdiction**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant. See Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998). The court "look[s] at the facts in the light most favorable to the nonmoving party and resolve[s] all factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted). A federal court may assume

2

jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation omitted). Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements. Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007) (citation omitted).

To satisfy due process, a defendant must have "sufficient minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." Romak, 384 F.3d at 984 (citations and internal quotation omitted). "Sufficient contacts exist when [a] defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." Coen, 509 F.3d at 905 (citations omitted). A defendant should reasonably anticipate being haled into court in a forum state within which it "purposefully avail[ed] itself of the privilege of conducting activities, ... thus invoking the benefits and protections of [the state's] laws." Id. (citation omitted). Contacts that are "random, fortuitous or attenuated" do not support purposeful availment. Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (1996). "Jurisdiction is proper, however, where the contacts proximately result from actions by the

3

defendant [itself] that create a substantial connection with the forum State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, (1985) (citation and internal quotation marks omitted).

A court considers five factors to measure minimum contacts: "(1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073-74 (8th Cir. 2004) (citation omitted). The first three factors carry significant weight. See id.

Agri-Cover argues that the court has specific personal jurisdiction over Christensen. Specific jurisdiction exists when the cause of action "arise[s] out of" or "relate[s] to" a defendant's activities within the forum state. St. Jude Med., Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 591 (8th Cir. 2001) (citation and internal quotation marks omitted). "[T]he central inquiry is the relationship among the defendant, the forum, and the litigation." Guinness Import Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 614 (8th Cir. 1998) (citation and internal quotation marks omitted).

### A. Forum Contacts

Viewing the facts in the light most favorable to Agri-Cover, Christensen has few contacts with Minnesota. It is not registered

to do business in Minnesota, has no registered agent in Minnesota, does not own property in Minnesota, does not manufacture products in Minnesota, does not employ sales representatives in Minnesota and its employees and principals have not traveled to Minnesota for business.  However, Christensen has several contacts specific to FULL ACCESS in Minnesota.  First, Christensen sent brochures that include FULL ACCESS products to 253 people and five dealers in Minnesota.[1]  Moreover, three dealers with whom it works in Minnesota have sold FULL ACCESS products.  Christensen argues that its sales in Minnesota are "few and far between" and merely fortuitous.  The court disagrees.  As a result of making itself available in Minnesota, Christensen sold 25 FULL ACCESS products in Minnesota between 2005 and 2011, either directly or through the three dealers.  Although its sales were modest, they occurred yearly over the course of six years.  Under the facts of this case, the court cannot construe the sales as so random, fortuitous or attenuated that they to rise to the level of a constitutional violation.

    B.    **Relationship of Cause of Action to Contacts**

The cause of action is directly related to a subset of Christensen's contacts with Minnesota.  The sale of FULL ACCESS products forms the basis of Agri-Cover's claims.  Christensen

---

[1] This is not a case where a seller merely maintains a passive, global internet presence.

maintains relationships with twelve dealers in Minnesota. Although only three have sold FULL ACCESS products, it provides others with promotional materials. Christensen sells and delivers FULL ACCESS products to Minnesota, and it is evident that it has purposefully availed itself of the Minnesota market: it is reasonably foreseeable that it might be haled into court as a result of its actions.

### C. Forum Interest and Convenience

Neither party is a resident of Minnesota. Minnesota has a general interest in ensuring that trademarks are observed, but it has little specific interest in the trademarks at issue in this action. Therefore, this factor weighs slightly against finding jurisdiction.

Christensen argues that litigation in Minnesota will be "extremely burdensome" and place it at a "severe disadvantage" because it is a small company whose potential witnesses are three principals who reside near New Jersey. The court disagrees. It has hired local counsel, and moreover, "modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 293 (1980) (quoting McGee v. Int'l Life Ins. Co., 355 U.S. 220, 222 (1957)). Advances in electronic communications, document storage and video conferencing since 1957 have significantly increased the ease of

6

litigation in different forums.  Accord CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996) ("[T]here is less perceived need today for the federal constitution to protect defendants from 'inconvenient litigation,' because all but the most remote forums are easily accessible for the pursuit of both business and litigation."). Here, although Christensen will suffer some inconvenience by litigating in a foreign forum, being haled into court is always inconvenient and disruptive, whether in New Jersey or Minnesota.  As the Supreme Court noted in Burger King, although "inconvenience may at some point become so substantial as to achieve *constitutional* magnitude ... this is not such a case." 471 U.S. at 484.

Based on the five factors, the court finds that Christensen has sufficient minimum contacts with Minnesota such that exercise of specific personal jurisdiction comports with due process. Therefore, dismissal is not warranted.

**II. Transfer of Venue**

Contacts sufficient to meet the requirements of due process do not necessarily mean that a particular forum is proper or convenient.  The court may transfer a case to another forum in which it might have been brought "[f]or the convenience of parties and witnesses [and] in the interest of justice ...."  28 U.S.C. § 1404(a).  A foreign plaintiff's choice of forum "is entitled to substantially less deference." In re Apple, 602 F.3d 909, 913 (8th

7

Cir. 2010). Transfer "to a forum likely to prove equally convenient or inconvenient," is not warranted, "and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting transfer." Id. at 915. The court evaluates "the particular circumstances at hand and ... all relevant factors" including "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).

### A. Convenience of the Parties

Under the first factor, the court considers the travel expenses that the parties "would likely incur ... for airfare, meals and lodging, and losses in productivity from time spent away from work." In re Apple, 602 F.3d at 913. As an initial matter, the court notes that Minnesota is not a convenient forum for either party; both parties must travel to the forum. There is no evidence that either party maintains records in Minnesota. In contrast, it is undisputed that documentary evidence is present in the parties' home states.

Moreover, other sources of evidence appear lacking in Minnesota. Agri-Cover argues that it works with 25 dealers in Minnesota. Christensen responds that only one Minnesota dealer sells both Agri-Cover and Christensen products, and that dealer last sold a Christensen product before FULL ACCESS products were

8

available. In contrast, 23 dealers in or near New Jersey sell both Agri-Cover and Christensen products. These 23 dealers have a much greater likelihood of offering relevant testimony than the single Minnesota dealer.

In short, potential witnesses in this action are present in both North Dakota and New Jersey. As a result, travel to North Dakota and New Jersey to gather evidence will be necessary regardless of venue. If the case remains in Minnesota, both parties must travel to the court. Transferring the case to New Jersey, however, would significantly reduce inconvenience, as both party and nonparty witnesses are present there. Therefore, this factor is weighs in favor of transfer.

### B. Convenience of the Witnesses

The second factor "determines the relative ease of access to sources of proof." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). The court considers the number witnesses, their location and the court's preference for live testimony. See Graff v. Qwest Commc'n Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). The convenience of the witnesses is not, however, "a contest between the parties as to which of them can present a longer list of possible witnesses located in the respective districts." Nelson v. Master Lease Corp., 759 F. Supp. 1397, 1402 (D. Minn. 1991); see Terra Int'l, 119 F.3d at 696. Moreover, "the party seeking the transfer must clearly specify the essential witnesses to be called

9

and must make a general statement of what [its] testimony will cover." Nelson, 759 F. Supp. at 1402.

The court has already noted that Christensen identifies 23 dealers located within 100 miles of the District of New Jersey that sell both Agri-Cover and Christensen products and might testify about likely or actual confusion. Healey Decl. ¶ 41. In contrast, Agri-Cover identifies 25 dealers in Minnesota that sell Agri-Cover products, but does not indicate that any of the dealers have any knowledge of Christensen FULL ACCESS products. See Miller Decl. ¶ 5. As a result, there is no basis on which to conclude that the 25 Minnesota dealers have any evidence or testimony relevant to this action. Therefore this factor favors transfer.

### C. Interests of Justice

The court considers several factors in evaluating the interests of justice, including: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law[s] issues, and (7) the advantages of having a local court determine the questions of local law." Terra Int'l, 119 F.3d at 696.

### 1. Judicial Economy

The parties agree that the District of Minnesota carries a greater caseload than the District of New Jersey. Caseload,

10

however, is not a dispositive factor. In re Apple, 602 F.3d at 915. Therefore, this factor slightly favors transfer to New Jersey.

### 2. Plaintiff's Choice of Forum

"In general, federal courts give considerable deference to a plaintiff's choice of forum," but this deference is based on "an assumption that the plaintiff's choice will be a convenient one." Id. at 913 (citation and internal quotation marks omitted). Less deference is warranted when, as here, the plaintiff is from another state. In this case, there are "relevant connection[s]" between Minnesota and the parties, "potential witnesses, [and] the dispute." Id. These connections, however, are minimal. Therefore, this factor weighs slightly in favor of Minnesota.

### 3. Costs of litigating, Obstacles to a Fair Trial, Ability to Enforce Judgment, Conflict of Laws and Local Interpretation of Law

The remaining factors are neutral. The court has already determined that, regardless of forum, the parties will likely incur travel costs for depositions. If the action remains in Minnesota, both parties will need to travel out of state to the forum; if the action is transferred to New Jersey, only one party will need to do so. As a result, the cost of litigation and obstacles to a fair trial do not strongly favor either forum. A judgment may be enforced in either forum. Lastly, the parties do not identify an outcome-determinative conflict between the laws of Minnesota and

New Jersey.  See Leonards v. S. Farm Bureau Cas. Ins. Co., 279 F.3d 611, 612 (8th Cir. 2002).  Therefore these factors do not favor either forum.

Based on a consideration of all the factors, the court finds that Christensen has shown New Jersey to be a more convenient forum, and transfer is warranted.[2]

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion [ECF No. 10] is granted in part:

1.   The motion is denied as to dismissal for lack of personal jurisdiction;

2.   The motion is granted as to transfer; and

3.   This action is transferred to the United States District Court for the District of New Jersey.

Dated:  June 29, 2011

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court

---

[2] The court notes that had it not found personal jurisdiction over Christensen, it would have transferred the case to New Jersey under 28 U.S.C. § 1406(a).

12